### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

JULIE REBECCA ZOBEL,

      Plaintiff,

v.                                        CASE NO. 1:14-cv-00045-MP-GRJ

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.

_____/

### **O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and

Recommendation dated August 3, 2015.  (Doc. 13).  The parties have been furnished a copy of

the Report and Recommendation and have been afforded an opportunity to file objections

pursuant to Title 28, United States Code, Section 636(b)(1).  The time for filing objections has

passed, and none have been filed.

Having considered the Report and Recommendation, I have determined that the Report

and Recommendation should be adopted.  Pursuant to the Report and Recommendation, the

denial of benefits in this case should be reversed and this matter should be remanded under

sentence four of 42 U.S.C. § 405(g).  A remand under sentence four is considered a final

judgment.  *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006).  Thus, absent a court

order stating otherwise, a successful plaintiff's counsel would normally have fourteen days after

the order of remand to file a motion with the District Court requesting an award of attorney fees.

FED. R. CIV. P. 54(d)(2)(B).  This Rule has been interpreted by the Eleventh Circuit to even

apply to a request for fees to be paid from a plaintiff's past due benefits pursuant to 42 U.S.C. §

406(b)(1).  *Bergen*, 454 F.3d at 1277–78.  However, the plaintiff's counsel in such a case will not

know the amount of benefits - and therefore fees - until after the Commissioner awards benefits

(if it does), which typically takes longer than fourteen days after the entry of judgment.

Therefore, an extension of time to seek such fees is warranted, and was recommended by the

*Bergen* opinion.  *Id.*

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    The Magistrate Judge's Report and Recommendation (doc. 13) is adopted and
      incorporated by reference in this order.

2.    The decision of the Commissioner is REVERSED AND REMANDED under
      sentence four of 42 U.S.C. § 405(g) to the Commissioner so that the
      Administrative Law Judge may conduct further proceedings consistent with the
      Report and Recommendation.

3.    The Clerk is directed to enter final judgment in favor of the Plaintiff, reversing
      the decision of the Commissioner and remanding this case to the Commissioner
      under sentence four of 42 U.S.C. § 405(g) for further proceedings.

4.    Pursuant to *Bergen*, proceedings on attorney fees under the Social Security Act,
      42 U.S.C. § 406(b), are stayed until the matter is fully adjudicated upon remand.
      The Plaintiff shall file a motion to award fees under § 406(b) within thirty (30)
      days after counsel receives notice from the Commissioner as to the Plaintiff's past
      due benefits.

5.    This stay relates only to attorney fee proceedings under § 406(b) of the Social
      Security Act, and not to attorney fee proceedings under the Equal Access to
      Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this  _17th_ day of September, 2015

 *s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge